# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NATHAN THOMAS COCHRAN, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 2307742, | : | 42 U.S.C. §1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| SHERIFF PATRICK LABAT; et al., | : | 1:23-CV-3773-SDG-JKL |
|    Defendants. | : | |

## ORDER

This matter is presently before the Court on Plaintiff Nathan Thomas Cochran's motion for default judgment. [Doc. 8.] Upon review, the Court **DENIES** the motion.

To start, Plaintiff's motion is premature because the Clerk has not entered default against any defendant. Obtaining a default judgment is normally a two-step process. The moving party first must show "by affidavit or otherwise" that another party is in default. Fed. R. Civ. P. 55(a). That is, upon a showing that a party against whom judgment is sought fails "to plead or otherwise defend," the Clerk will make an "entry of default" on the docket. *Id.* Thereafter, a party may seek a "default judgment." Fed. R. Civ. P. 55(b). The Clerk's entry of a party's default is, thus, a prerequisite to the application for entry of a default judgment against that party. *See* Fed. R. Civ. P. 55; *Bonny v. Benchmark Brands, Inc.*, 1:16-cv-3150-WSD, 2017 WL

1216926, at *1 (N.D. Ga. Mar. 10, 2017); *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).

Plaintiff's motion must also be denied because none of the defendants have been served and thus, the Court presently lacks jurisdiction over them. *Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019) ("[A] party's delay may result in a default judgment only if the party has been properly served because 'a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

For these reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 7th day of December, 2023.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE